UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 10-10434-GAO

UNITED STATES OF AMERICA,

v.

CAREY MONTEIRO,
Defendant.

OPINION AND ORDER
April 29, 2016

O'TOOLE, D.J.

On March 1, 2012, the petitioner, Carey Monteiro, pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846. On June 14, 2012, she was sentenced to thirty-six months imprisonment, followed by three years supervised release. She has moved to vacate her guilty plea and set aside her conviction on the basis of the now infamous misconduct by former drug chemist Annie Dookhan at the William F. Hinton Drug Laboratory. Specifically, she contends that her plea was not knowing, voluntary, and intelligent because she entered the plea unaware of Dookhan's misconduct and that her due process rights were violated by the government's failure to disclose Dookhan's wrongdoing.

The petitioner's arguments are meritless. The Hinton Laboratory scandal had nothing to do with her conviction. The government's case was based on telephone intercepts of conversations between the petitioner and other members of the drug conspiracy evidencing specific instances of negotiations and agreements to sell and deliver heroin. In neither the prosecutor's summary of facts supporting a conviction at the petitioner's guilty plea colloquy nor the statement of offense conduct presented in the probation officer's presentence report is there any mention of, much less reliance on, Hinton drug tests.

Significantly, the petitioner admitted her factual guilt, and does not now assert factual innocence. See Wilkins v. United States, 754 F.3d 24, 30 (1st Cir. 2014). Apart from her admission, the government's wiretap and surveillance evidence was strongly inculpatory. To the extent that identification of seized contraband as heroin was in question, the question was answered by testing done not at the Hinton Laboratory but at a federal Drug Enforcement Agency ("DEA") facility. Specifically, the government asserts without contradiction from the petitioner that of the thirty-eight samples seized in the course of the investigation (none directly from the petitioner), thirty-six were tested by the DEA and attested to be heroin. Her argument that information about the Hinton Laboratory scandal would have given her significant impeachment evidence that could have been used to her benefit at trial is, therefore, fanciful.

Moreover, the petitioner gained a substantial sentencing benefit by pleading guilty. By pleading guilty and by making a related "safety valve" proffer to the government, she avoided the imposition of an otherwise applicable statutory mandatory minimum five-year sentence. Her actual sentence was forty percent lower than that.

For these reasons, there is no "reasonable probability" that she "would not have pleaded guilty and would have insisted on going to trial" if she had known about the Hinton Laboratory scandal. See Ferrara v. United States, 456 F.3d 278, 29 (1st Cir. 2006) (citation and internal quotation marks omitted).

Monteiro also argues that the government's failure to disclose Dookhan's misconduct amounts to a violation of the government's duty to disclose exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963). Assuming arguendo that Monteiro can raise a Brady claim with respect to her guilty plea, the claim nevertheless founders. First, as noted above, the information was not exculpatory in her case because the government did not intend to rely on any evidence

from the Hinton Laboratory. Even successful impeachment of Hinton results would have been irrelevant at her trial. Second, and relatedly, Monteiro has failed to demonstrate that there is a reasonable probability that, had she been aware of Dookhan's misconduct, she would have insisted on going to trial. See Ferrara, 456 F.3d at 294 n.12.

For the reasons set forth herein, the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (dkt. no. 823) is DENIED.

Finally, because the petitioner has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge